UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

LOIDA ALMANZA
and other similarly-situated individuals,

    Plaintiff (s),

v.

ASAP COURIER & LOGISTICS, LLC
d/b/a NEED IT NOW DELIVERS

    Defendant,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b)

    COMES NOW the Plaintiff LOIDA ALMANZA, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sue Defendant ASAP COURIER & LOGISTICS, LLC d/b/a NEED IT NOW DELIVERS and alleges:

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States.  This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff LOIDA ALMANZA is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.  Plaintiff is a covered employee for purposes of the Act.

3. Defendant ASAP COURIER & LOGISTICS, LLC d/b/a NEED IT NOW DELIVERS (hereinafter ASAP COURIER, or Defendant) is a Florida corporation which has its place of business in Broward County and performed business in Dade and Broward County within the jurisdiction of this Court. At all times Defendant was and is engaged in interstate commerce.

4. All the actions raised in this complaint took place in Broward County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

5. This cause of action is brought by Plaintiff as a collective action to recover from Defendant overtime compensation, liquidated damages, retaliatory damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who were classified as "delivery drivers", and who worked in excess of forty (40) hours during one or more weeks on or after September 2018 (the "material time") without being compensated overtime wages pursuant to the FLSA.

6. Corporate Defendant ASAP COURIER provides courier, pick-up, and delivery services in the areas of Miami-Dade County, Broward, and Palm Beach County.

7. Defendant ASAP COURIER employed Plaintiff LOIDA ALMANZA as a courier driver from approximately September 27, 2018 through October 22, 2018, or 3 weeks more 4 days.

8. Plaintiff had a daily rate of approximately $130.00 plus an additional of $45.00, resulting in $830.24 for a week of 6 days of work.

9. During her time of employment with Defendant, Plaintiff LOIDA ALMANZA had an irregular schedule. She worked 6 days per week, usually from Monday to Saturday from 7:00 AM to 9:00 PM. Plaintiff completed an average of 84 working hours every week.

10. Plaintiff and other similarly situated individuals, were not allowed to take bona-fide lunch periods, but Defendant automatically deducted 30 minutes of lunch time every day. Every week the unproperly deducted lunch time, resulted in 3 unpaid hours for Plaintiff.

11. Plaintiff and other similarly situated individuals worked and average of 84 hours weekly. However, they were not paid for overtime hours.

12. Therefore, Defendant willfully failed to pay Plaintiff overtime at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

13. Plaintiff was paid weekly with checks and paystubs that did not reflect the real number of hours worked.

14. Plaintiff was not in agreement with the missing payment for overtime hours and complained to operations manager Nixzon Valcin. This manager ignored Plaintiff's request and did not provide any answer.

15. Plaintiff is not in possession of time and payment records, but she is going to provide a good faith estimate of her unpaid overtime hours, based on her recollections.

16. On or about October 22, 2018, Defendant unfairly fired Plaintiff using a pretextual reason. There was not a reason to fire Plaintiff other than retaliation due to her complaint and requests to be paid for overtime hours.

17. Plaintiff and all others similarly situated individuals, were victims of Defendant's common policy and practices which enabled them to violate overtime provisions of the Fair Labor Standards Act.

18. Plaintiff LOIDA ALMANZA seeks to recover unpaid overtime wages, accumulated during the relevant period of employment; retaliatory damages; liquidated damages; at least 11 regular hours of lunch time which were automatically deducted, and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty, and who suffered improper deductions for untaken lunch periods.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. Defendant ASAP COURIER was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a courier services company that participated in interstate commerce by transporting all kind of goods and valuables. Defendant recurrently received on its premises all kind of merchandise ordered and purchased from out of state manufacturers. Defendant's activities were essential to interstate commerce. Defendant also engaged in interstate commerce by promoting their business using the instrumentalities of interstate commerce. Defendant has

more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.  Therefore, there is FLSA enterprise coverage.

22. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce.  Plaintiff as a courier driver, provided courier services to firms and individuals engaged in commerce or in the production of goods for commerce. Plaintiff's activities as a courier driver were related and essential to interstate commerce. Therefore, there is FLSA individual coverage.

23. Defendant ASAP COURIER employed Plaintiff LOIDA ALMANZA as a courier driver, from approximately September 27, 2018 through October 22, 2018, or 3 weeks more 4 days.

24. During her time of employment with Defendant, Plaintiff LOIDA ALMANZA had an irregular schedule.  She worked 6 days per week, usually from Monday to Saturday from 7:00 AM to 9:00 PM.  Plaintiff completed an average of 84 working hours every week.

25. Plaintiff had a daily rate of approximately $130.00 plus an additional of $45.00, resulting in $830.24 for a week of 6 days of work.

26. Plaintiff and other similarly situated individuals, were not allowed to take bona-fide lunch periods, but Defendant automatically deducted 30 minutes of lunch time every day. These unproperly deducted lunch time, resulted in 3 unpaid hours for Plaintiff every week.

27. Plaintiff and other similarly situated individuals worked and average of 84 hours weekly. However, they were not paid for overtime hours.

28. Therefore, Defendant willfully failed to pay Plaintiff overtime at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

29. Plaintiff signed in and out a time-sheets.  Plaintiff was paid weekly with checks and paystubs that did not reflect the real number of hours worked.

30. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

31. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees.

32. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

*Please note that these are preliminary calculations which are subjected to modification as discovery would dictate

    a. <u>Total amount of alleged half-time unpaid O/T wages</u>:

       Seven Hundred Seventy Dollars and 64/100 ($770.64)

    b. <u>Calculation of such wages</u>:

       Total relevant weeks of employment:  3 weeks plus 4 days

       Total number of hours worked:  84 hours weekly
       Total number or paid hours: 84 hours
       Total number of unpaid overtime hours: 44 hours
       Rate paid: $130.00 daily + $45.00= $830.34
       Paid weekly: $830.34: 84 hours = $9.88 an hour: 2 = $4.94 half-time

   i.-  Half-time $4.94 x 44 O/T hours= $217.36 weekly x 3 weeks=$652.08

   ii.- Half-time $4.94 x 24 O/T hours (6 O/T hours x 4 days) = $118.56

   Total i and ii: $770.64

  c.  <u>Nature of wages (e.g. overtime or straight time):</u>

   This amount represents half-time unpaid overtime wages.

33. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

34. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

35. Defendant ASAP COURIER willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages.

36. Plaintiff seeks to recover unpaid overtime wages accumulated during her time of employment with Defendant as allowable by law.

37. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff LOIDA ALMANZA and other similarly-situated and against the Defendant ASAP COURIER on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff LOIDA ALMANZA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

### JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

### COUNT II:
### FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)
### RETALIATORY DISCHARGE

38. Plaintiff LOIDA ALMANZA re-adopts each and every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

39. Defendant ASAP COURIER was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a courier services company that participated in interstate commerce by transporting all kind of goods and valuables. Defendant recurrently received on its premises all kind of merchandise ordered and purchased from out of state manufacturers. Defendant's activities were essential to interstate commerce. Defendant also engaged in interstate commerce by promoting their business using the instrumentalities of interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

40. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff as a courier driver, provided courier services to firms and individuals engaged in commerce or in the production of goods for commerce. Plaintiff's activities as a courier driver were related and essential to interstate commerce. Therefore, there is FLSA individual coverage.

41. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

42. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

43. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

44. Defendant ASAP COURIER employed Plaintiff LOIDA ALMANZA as a courier driver from approximately September 27, 2018 through October 22, 2018, or 3 weeks more 4 days.

45. Plaintiff and other similarly situated individuals, were not allowed to take bona-fide lunch periods, but Defendant automatically deducted 30 minutes of lunch time every day. These unproperly deducted lunch time, resulted in 3 unpaid hours for Plaintiff, every week.

46. Plaintiff and other similarly situated individuals worked and average of 84 hours weekly. However, they were not paid for overtime hours.

47. Therefore, Defendant willfully failed to pay Plaintiff overtime at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

48. Plaintiff was not in agreement with the missing payment for overtime hours and complained to operations manager Nixzon Valcin and demanded to be paid for overtime hours. This manager ignored Plaintiff's request and did not provide any answer.

49. This complaint constituted protected activity under FLSA, 29 U.S.C. 215(a)(3).

50. As a consequence of Plaintiff's complaint, on or about October 22, 2018, Defendant unfairly fired Plaintiff using a pretextual reason. There was not a reason to fire Plaintiff other than retaliation due to her complaint and request to be paid for overtime hours.

51. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

52. The termination of Plaintiff LOIDA ALMANZA by the Defendant, was directly and proximately caused by Defendant's unjustified retaliation against her, because of her complaint about overtime payment, in violation of Federal Law.

53. Plaintiff's termination came just in closed proximity after Plaintiff's participation in protected activity.

54. Defendant ASAP COURIER willfully and maliciously retaliated against Plaintiff because she engaged in protected activity.

55. The Defendant's termination of Plaintiff 's employment, was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

56. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff LOIDA ALMANZA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendant's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant ASAP COURIER that Plaintiff recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant ASAP COURIER to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff LOIDA ALMANZA further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff LOIDA ALMANZA demands trial by jury of all issues triable as of right by jury.

DATED: February 21, 2019

                Respectfully submitted,

                By:  **/s/ Zandro E. Palma**
                ZANDRO E. PALMA, P.A.
                Florida Bar No.: 0024031
                9100 S. Dadeland Blvd.
                Suite 1500
                Miami, FL 33156
                Telephone: (305) 446-1500
                Facsimile:  (305) 446-1502
                zep@thepalmalawgroup.com
                *Attorney for Plaintiff*